# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VICTOR WILSON,

        Petitioner,                Case Number: 2:15-CV-11383
                                                     HONORABLE VICTORIA A. ROBERTS

v.

KENNETH MCKEE,

        Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

        This is a habeas case under 28 U.S.C. § 2254. Petitioner Victor Wilson is a state inmate at the Bellamy Creek Correctional Facility in Ionia, Michigan. He challenges his convictions for two counts of second-degree criminal sexual conduct. In addition to his habeas petition, Petitioner filed a Motion to Stay Proceedings and Hold Habeas Petition in Abeyance. The Court grants the motion.

## I.

        Petitioner was convicted by a jury in Wayne County Circuit Court of two counts of second-degree criminal sexual conduct. He was sentenced as a fourth habitual offender to two concurrent terms of 30 to 50 years' imprisonment.

        Petitioner filed an appeal of right in the Michigan Court of Appeals presenting these claims: (i) other act evidence was improperly admitted; (ii) ineffective assistance of

trial counsel; (iii) prosecutorial misconduct; and (iv) trial court improperly exceeded sentencing guidelines. The Michigan Court of Appeals affirmed his convictions and sentences. *People v. Wilson*, No. 296307, 2011 WL 6267278 (Mich. Ct. App. Dec. 15, 2011).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied the application. *People v. Wilson,* 493 Mich. 882 (Mich. Nov. 7, 2012).

Petitioner then filed a motion for relief from judgment in the trial court, raising two additional ineffective assistance of trial counsel claims. The trial court denied the motion. *People v. Wilson*, No. 09-002410-FC (Wayne County Cir. Ct. May 2, 2013). Both state appellate courts denied Petitioner's applications for leave to appeal the trial court's decision. *People v. Wilson*, No. 317678 (Mich. Ct. App. Oct. 25, 2013); *People v. Wilson*, 495 Mich. 993 (Mich. Apr. 28, 2014).

Petitioner then filed the pending habeas corpus petition. He raises the same claims raised on direct and collateral review in state court. He also filed a motion to stay this proceeding so he may return to state court and exhaust additional, newly-discovered claims.

## II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner states that, although the claims raised in the petition are exhausted,

he would like to raise additional, unexhausted claims: (i) newly-discovered evidence establishes his innocence; (ii) trial counsel was ineffective in failing to investigate and previously discover this evidence; and (iii) appellate counsel was ineffective in failing to investigate and locate exculpatory witnesses. Petitioner seeks a stay so he may return to state court to exhaust these claims.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In this case, the outright dismissal of the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2241(d)(1). Staying a habeas corpus proceeding is appropriate where a second, exhausted habeas petition may be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). The Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.

The Supreme Court did not define "good cause" in *Rhines*, nor has the Sixth Circuit Court of Appeals done so. *See Bates v. Knab*, 2011 WL 2785244, *5 (S.D. Ohio July 15, 2011), *citing Hnatiuk v. Trombley*, 2008 WL 3305157 (E.D. Mich. Aug. 11,

3

2008). A number of federal courts have concluded that the *Rhines* good cause requirement is less stringent than the good cause showing required in the context of procedural default. *See Lockridge v. Ludwick*, 2009 WL 5217592, *3 (E.D. Mich. Dec. 28, 2009) (holding that "good cause under *Rhines* is something less than the cause needed to excuse a procedural default"); *Bryant v. Greiner*, 2006 WL 1675938, *5 (S.D. N.Y. June 15, 2006) (same); *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand, applying a more expansive definition of "good cause" than the showing needed for cause to excuse a procedural default); *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005) (holding that "good cause" standard prescribed in *Rhines* does not require a showing of "extraordinary circumstances").

Petitioner asserts ineffective assistance of appellate counsel as cause for his failure to exhaust these claims. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Therefore, the Court finds Petitioner has satisfied the good cause standard.

The Court also must determine whether Petitioner's unexhausted claims are "plainly meritless." In *Rhines*, the Supreme Court did not establish a standard for determining whether a petitioner's claims are "plainly meritless." Most courts applying the standard do so in conclusory fashion without weighing or even considering the evidence. *See e.g., Anthony v. Palmer*, 2011 WL 1532162, *2 (E.D. Mich. Apr. 22, 2011) (granting stay under *Rhines* and holding that unexhausted claims are potentially meritorious with no analysis of merits of the claims); *Wengorovius v. Scutt*, 2009 WL

2849577, *3 (E.D. Mich. Sept. 1, 2009) (granting stay and determining that unexhausted claims are not "plainly meritless" based upon an "initial review of the substance of the unexhausted issues" with no further discussion or analysis). In *Bartelli v. Wynder*, 2005 WL 1155750, *2 (E.D. Pa. May 12, 2005), the District Court for the Eastern District of Pennsylvania held that a petitioner's unexhausted claims were not plainly meritless because they alleged a violation of petitioner's constitutional rights that could serve as grounds for granting a writ of habeas corpus if supported by sufficient facts. A violation of the right to the effective assistance of counsel raises a constitutional claim. Thus, Petitioner's claims, if supported by sufficient evidence, are not plainly meritless. Petitioner also does not appear to be engaging in intentionally dilatory litigation tactics.

Michigan Court Rule 6.502(G)(1) generally permits a defendant to file only one motion for relief from judgment. Petitioner already has filed a motion for relief from judgment. However, Michigan Court Rule 6.502(G)(2) permits a defendant to file a successive motion for relief from judgment under certain, limited circumstances, including when the petitioner asserts a claim of newly discovered evidence. Therefore, an avenue for exhaustion remains available to Petitioner in state court.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.

2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Petitioner must also ask this court to lift the stay within sixty days of completing state court review. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

### III.

Accordingly, the Court GRANTS Petitioner's "Motion to Stay Proceedings and Hold Petition in Abeyance" (docket no. 3). The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

The Court further ORDERS that, to avoid administrative difficulties, the Clerk of Court shall close this case for statistical purposes only.

The Court DENIES WITHOUT PREJUDICE Petitioner's Motion for Appointment of Federal Defender's Office [docket no. 4].

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 27, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 27, 2015.

S/Carol A. Pinegar
Deputy Clerk