UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR WILSON,

        Petitioner,        Case Number: 2:15-CV-11383
                                      HONORABLE VICTORIA A. ROBERTS

v.

KENNETH MCKEE,

        Respondent.
_____/

**ORDER**

1) **Granting Petitioner's First Motion for Leave to Amend (Dkt. 23) and Motion to Expand the Record (Dkt. 25);**

2) **Denying Petitioner's Second and Third Motions to Amend (Dkt. 32 & 35);**

3) **Granting Petitioner's First Motion to Hold Amended Petition in Abeyance (Dkt. 33) and Denying Second Motion to Hold Amended Petition in Abeyance (Dkt. 38);**

4) **Denying Petitioner's Remaining Pending Motions (Dkt. 27, 28, & 31); and**

5) <u>**Staying Further Proceedings and Administratively Closing Case**</u>

Petitioner Victor Wilson filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Petitioner challenges his convictions for assault with intent to murder, Mich. Comp. Laws § 750.83; carrying a concealed weapon, Mich. Comp. Laws § 750.227(2); felon in possession of a firearm, Mich. Comp. Laws § 750.224f; discharging a weapon from a vehicle, Mich. Comp. Laws § 750.234a; and possession of a firearm during the

commission of a felony, Mich. Comp. Laws § 750.227b. Now before the Court are nine motions filed by Petitioner.

I. **Motions to Amend and Expand the Record**

Petitioner filed three motions to amend his amended petition and a motion to expand the record. In the first motion to amend (Dkt. 23), Petitioner states that his amended habeas petition inadvertently omitted a "facts" section and a summary of the "grounds and facts" raised in state court. He seeks to file a second amended petition (Dkt. 24) to correct these omissions.

Federal Rule of Appellate Procedure Rule 15(a)(2) allows a party to amend a pleading by leave of court and provides that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Petitioner's motion does not appear to be made in bad faith or to be an attempt to delay the proceedings. The proposed amendments do not raise additional claims for relief. Respondent does not oppose the motion. The Court will grant the motion.

Petitioner's motion to expand the record (Dkt. 25) seeks to provide additional argument in support of claims raised in the petition. The Court finds no prejudice to Respondent in allowing Petitioner to provide additional arguments in support of claims already raised. The Court will grant the motion.

Petitioner filed two additional motions to amend his amended petition (Dkt. 32 & 35). The motions are duplicative of one another and raise the same arguments already raised in Petitioner's second amended petition. Although the Court freely grants leave to

amend when justice so requires, justice does not require amendment to present redundant, duplicative claims or arguments. The Court will deny these motions.

## II. Motions to Hold Proceedings in Abeyance

Petitioner filed two motions to hold these proceedings in abeyance while he exhausts additional claims in state court (Dkt. 33 & 38).

In the first motion, Petitioner asserts that newly-discovered evidence establishes a violation of *Brady v. Maryland,* 373 U.S. 83 (1963). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the failure to exhaust, the unexhausted claims are not "plainly meritless," and there is no evidence of "intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A stay will delay these proceedings, but there is no evidence Petitioner's request is a suspect litigation tactic. His *Brady* claim is not plainly meritless. Petitioner claims that he did not previously raise this claim in state court because it is recently discovered.

Petitioner has a potential avenue for relief in state court. Michigan Court Rule 6.502(G)(1) generally permits a defendant to file only one motion for relief from judgment, which Petitioner already has done. Michigan Court Rule 6.502(G)(2) permits a defendant to file a successive motion for relief from judgment under certain limited circumstances, including where the motion raises a claim of new evidence, which Petitioner does here.

Petitioner should be permitted to present his claims to the state court because he would not otherwise be permitted to amend his petition to contain an unexhausted claim. Further, dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one year statute of limitations. *See* 28 U.S.C. § 2244(d). The Court concludes that it is not an abuse of discretion to stay this case. The Court will grant Petitioner's first motion to hold these proceedings in abeyance. Petitioner's second motion will be denied as moot.

Where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits, set forth below, within which petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

### III. Petitioner's Remaining Motions

Also pending before the Court are Petitioner's Motion to Request Discovery (Dkt. 27), Motion for Evidentiary Hearing (Dkt. 28), and Motion for Appointment of Federal Attorney and Private Investigator (Dkt. 31). These motions will be denied as moot. This denial is without prejudice to Petitioner's right to re-file these motions if and when the stay is lifted.

### IV. ORDER

For the reasons stated, the Court GRANTS Petitioner's First Motion for Leave to

4

Amend (Dkt. 23), Motion to Expand the Record (Dkt. 25), and First Motion to Hold Amended Petition in Abeyance (Dkt. 33).

The Court DENIES Petitioner's Second and Third Motions to Amend (Dkt. 32 & 35), and DENIES AS MOOT Petitioner's Second Motion to Hold Amended Petition in Abeyance (Dkt. 38), Motion to Request Discovery (Dkt. 27), Motion for Evidentiary Hearing (Dkt. 28), and Motion for Appointment of Federal Attorney and Private Investigator (Dkt. 31).

The habeas proceedings are STAYED and the Court will hold the habeas petition in ABEYANCE. Petitioner must file a motion for relief from judgment with the state trial court within sixty days from the date of this order. After Petitioner fully exhausts his new claims, he shall file in this Court an amended petition within sixty days after the conclusion of the state court proceedings, along with a motion to lift the stay.

The Court further ORDERS that, to avoid administrative difficulties, the Clerk of Court shall close this case for statistical purposes only.

    s/ Victoria A. Roberts
    VICTORIA A. ROBERTS
    UNITED STATES DISTRICT JUDGE

DATED: 3/25/19