UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR WILSON,

            Petitioner,           Case Number: 2:15-CV-11383
                                              HONORABLE VICTORIA A. ROBERTS

v.

KENNETH MCKEE,

            Respondent.
_____/

## ORDER GRANTING PETITIONER'S
## REQUEST TO CONTINUE STAY (ECF NO. 42)

Petitioner Victor Wilson filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254, challenging his convictions for assault with intent to murder, Mich. Comp. Laws § 750.83; carrying a concealed weapon, Mich. Comp. Laws § 750.227(2); felon in possession of a firearm, Mich. Comp. Laws § 750.224f; discharging a weapon from a vehicle, Mich. Comp. Laws § 750.234a; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.  He subsequently filed a motion to hold his petition in abeyance to allow him to raise unexhausted claims in state court. (ECF No. 33.)  The Court granted the motion and imposed conditions under which Petitioner was required to proceed, including that he had to move to lift the stay in this Court within sixty days after conclusion of the state court proceedings.  (ECF No. 39.)  Now before the Court is Petitioner's letter requesting that the stay be continued.  (ECF No. 42.)

Petitioner asks the Court to continue the stay to allow him to file a successive motion for relief from judgment in the trial court because, during the course of his state-court collateral proceeding, he discovered new evidence of a recanting witness. He appears to have discovered this new evidence too late to properly present it in the previous state-court collateral review proceeding.

Michigan Court Rule 6.502(G)(1) generally permits a defendant to file only one motion for relief from judgment, which Petitioner already has done. But a successive motion for relief from judgment is permitted under certain, limited circumstances including where the motion raises a claim of new evidence. *See* Mich. Ct. R. 6.502(G)(2). Therefore, an avenue for exhaustion remains available to Petitioner in state court and the Court will continue to hold the petition in abeyance while Petitioner exhausts his newly-discovered claim. To ensure that Petitioner does not delay in exhausting state court remedies, the Court requires Petitioner to move to lift the stay within sixty days of exhausting his state court remedies for the new claim. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

Accordingly, the Court GRANTS Petitioner's request to continue stay (ECF No. 42).

                                              s/ Victoria A. Roberts
                                              VICTORIA A. ROBERTS
                                              UNITED STATES DISTRICT JUDGE

DATED: 1/27/2022