UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR WILSON,

        Petitioner,               Case Number: 15-11383
                                                       Honorable Victoria A. Roberts

v.

KENNETH MCKEE,

        Respondent.
_____/

**Opinion and Order Denying Petitioner's Motions (ECF No. 48, 50, 51, 52)**

Victor Wilson filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254, challenging his convictions for two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a). On March 25, 2019, the Court granted Wilson's motion to stay these proceedings while he exhausted his claims in state court and administratively closed the case. (ECF No. 39.) On January 27, 2022, the Court granted Wilson's motion to continue the stay while he filed a second motion for collateral relief in state court based on newly-discovered evidence. (ECF No. 43.) Now before the Court are Wilson's motion to lift stay (ECF No. 48), motion to appoint counsel (ECF No. 50), motion to expand the record (ECF No. 51), and motion to amend petition (ECF No. 52.) Because Wilson's

On October 15, 2021, Wilson filed a second motion for relief from judgment in the trial court. (*See* ECF No. 48, PageID.3845.) On November 29, 2021, the state court stayed proceedings to allow the Wayne County Prosecutor's Office Conviction Integrity

Unit to investigate Wilson's case.  (*See* ECF No. 53, PageID.3951.)  The court lifted the stay on April 22, 2022.  On July 21, 2022, the state trial court appointed counsel to "allow for an evidentiary hearing to be scheduled." (*Id.* at PageID.3953.)  Wilson states that despite the trial court's order, he has yet to be assigned counsel.

Wilson asks the Court to reopen the habeas proceedings for the purpose of directing the Federal Defender's Office to appoint counsel to represent him in state court. (ECF No. 48, PageID.3846.)  Wilson further states he is not abandoning an evidentiary hearing in state court.  (*Id.*)

Before filing a federal habeas petition, a state prisoner must exhaust his claims by presenting them to the courts at each level of the state judicial system.  *See* 28 U.S.C. § 2254(b)(1)(A); *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).  A federal court cannot grant habeas relief if the petitioner still has state remedies available. See 28 U.S.C. § 2254(b)(1)(B); *Wagner*, 581 F.3d at 415.  The Court stayed proceedings in this case to allow Wilson to satisfy the exhaustion requirement.  Wilson's claims have yet to be fully exhausted because his second motion for relief from judgment is pending in state court.

The exhaustion requirement may be excused when there is "an absence of available State corrective process" or "circumstances ... that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).  Neither exception is applicable here.  Wilson is proceeding through the available State corrective process.  And he presents no circumstances to show the process is ineffective to protect his rights.  The apparent delay in assigning Wilson counsel in accordance with the trial court's order does not render the process ineffective.  "Delay, standing alone, has never

been enough" to excuse the exhaustion requirement. *Johnson v. Bauman*, 27 F.4th 384, 395 (6th Cir. 2022). An inordinate delay may excuse a petitioner's failure to exhaust only if the state is "completely at fault for the delay," *Smith v. King*, No. 22-1747, 2022 WL 18803788, at *2 (6th Cir. Dec. 21, 2022) (citing *Johnson*, 27 F.4th at 394-95), and if the petitioner is "without recourse in state court." *Johnson*, 27 F.4th at 397 (quotation omitted). In addition to the length of a delay, the Court may consider activity during the delay. *See id.* at 395 (delay was not inordinate where the "state court did not sit idle").

Approximately nineteen months have elapsed since Wilson filed his second motion for relief from judgment. This falls far short of being an inordinate delay. *Id.* (finding delays of roughly two years and four years not "particularly striking"). Wilson's case is not languishing on the state court docket. While there has been an apparent delay in appointing counsel, Wilson has not alleged he is without recourse in state court. He, therefore, does not present extraordinary circumstances to warrant excusing the exhaustion requirement. The Court will deny the motion to reopen.

Wilson asks the Court to authorize the Federal Public Defender's Office to appoint counsel to represent him in state court. Under 18 U.S.C. § 3006A(c), "a person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance ... through appeal, including ancillary matters appropriate to the proceedings." A district court may determine on a case-by-case basis if it is appropriate for federal counsel to exhaust a claim in state post-conviction litigation in the course of a prisoner's federal habeas representation. *Harbison v. Bell*, 556 U.S. 180, 190 n.7 (2009).

3

At this time, the Court declines to authorize the use of federal funds to appoint counsel to represent Wilson in state-court post-conviction proceedings. The trial court has granted Wilson's request for appointment of counsel. While there has been a delay in execution of the trial court's order, Wilson has not shown that the state court's order has been rescinded nor does he allege that no qualified state counsel is available. The Court will deny Wilson's motion without prejudice to Wilson's right to renew his request if the delay in providing counsel persists.

Also pending before the Court are Petitioner's Motion to Expand the Record (ECF No. 51) and Motion to Amend/Correct (ECF No. 52). These motions will be denied without prejudice to Petitioner's right to re-file these motions if and when the stay is lifted.

Accordingly, Wilson's motion to lift stay (ECF No. 48), motion to appoint counsel (ECF No. 50), motion to expand the record (ECF No. 51), and motion to amend petition (ECF No. 52.) are DENIED without prejudice.

s/ Victoria A. Roberts  
VICTORIA A. ROBERTS  
UNITED STATES DISTRICT JUDGE

Dated:  May 25, 2023