UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR WILSON,

        Petitioner,   Case Number: 2:15-cv-11383

           Honorable Susan K. DeClercq
v.   United States District Judge

KENNETH MCKEE,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION
FOR APPOINTMENT OF FEDERAL DEFENDER (ECF NO. 57) AND
MOTION TO LIFT STAY AND APPOINT COUNSEL (ECF NO. 59)**

In 2015, Victor Wilson, proceeding *pro se*, filed a habeas corpus petition under 28 U.S.C. § 2254, challenging his state-court convictions for two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a). The case was stayed in 2019 to allow Wilson to exhaust newly discovered claims in state court. *See* ECF No. 39. At present, the stay remains in effect. Now before the Court are (1) a letter Wilson sent to the Court requesting appointment of a Federal Defender, which the Court will construe as a motion for appointment of counsel, ECF No. 57, and; (2) a motion to lift the stay and appoint counsel, ECF No. 59.

In 2022, after the state court denied his motion for relief from judgment, Wilson moved to continue the stay while he filed a successive motion for collateral

relief in state court based on newly discovered evidence. ECF No. 42. The Court granted the motion. ECF No. 43. On July 21, 2022, the state court appointed counsel to "allow for an evidentiary hearing to be scheduled." ECF No. 53 at PageID.3953. Wilson then filed a Petition for Appointment of Federal Defender in this Court. ECF No. 48. The Court denied the motion because the state court already granted Wilson's request for counsel. ECF No. 54. Publicly available records for the Wayne County Circuit Court show that appointed counsel appeared at a motion hearing on February 12, 2024. According to Wilson, counsel moved to withdraw during the hearing.[1] ECF No. 57 at PageID.4233. It appears that counsel was permitted to withdraw. In his May 2024 letter to this Court, Wilson claimed that the circuit court had not appointed substitute counsel. *Id.* at PageID.4234. In the subsequent motion, however, Wilson noted that on April 23, 2024, the trial court ordered the substitution of appellate counsel. ECF No. 59 at PageID.4243. The case remains pending in the circuit court, with several motions, including another motion for relief from judgment filed in March 2024, as yet undecided.

In both motions, Wilson asks this Court to order the Federal Defender's Office to assign counsel to represent him in state court. He claims that this appointment is necessary for development of a complete record. Under 18 U.S.C. § 3006A(c), "a

---

[1] The circuit court docket shows that counsel moved to withdraw on March 3, 2024. The exact date counsel moved to withdraw is not relevant to the Court's analysis.

person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." A district court may determine on a case-by-case basis if it is appropriate for federal counsel to exhaust a claim in state post-conviction litigation. *Harbison v. Bell*, 556 U.S. 180, 190 n.7 (2009). The Court declines to authorize the use of federal funds to appoint counsel for Wilson in state-court post-conviction proceedings. Wilson has not shown that the trial court refused to appoint substitute counsel (to the contrary, the trial court *did* order substitute counsel), nor has he shown that further development of the record is necessary. Thus, the Court will deny Wilson's motion.

Accordingly, Wilson's May 2024 motion for appointment of federal defender, ECF No. 57, and his January 2025 Motion to Lift Stay and Appoint Counsel, ECF No. 59, are **DENIED**. If and when the stay is lifted and the habeas proceeding is reopened, Wilson may renew his request for appointment of counsel.

**IT IS SO ORDERED.**

*s/Susan K. DeClercq*
Susan K. DeClercq
UNITED STATES DISTRICT JUDGE

Dated: January 8, 2025